IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **TRAVIS DUNCAN,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**BLACKBIRD PRODUCTS GROUP, LLC,**<br><br>    **Defendant.**<br><br>**Serve Registered Agent:**<br>**Incorp Services, Inc.**<br>**2847 South Ingram Mill Road**<br>**Suite A100**<br>**Springfield, Missouri 65804** | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff Travis Duncan alleges and states:

1. Plaintiff Travis Duncan is an independent photographer and resident of Cole County, Missouri.

2. Defendant Blackbird Products Group, LLC ("Blackbird"), is a Missouri limited liability company, incorporated in the State of Missouri, with its registered agent Incorp Services, Inc. and its registered office located in Greene County, State of Missouri, at 2849 South Ingram Mill Road, Suite A100, Springfield, Missouri 65804.

3. On information and belief, Defendant Blackbird manufactures, imports, purchases, and sells premium ice coolers and Defendant Blackbird has its headquarters located in Platte County, State of Missouri, at 8500 River Park Drive, Pillar 237B, Parkville, Missouri 64152.

1

4. Travis Duncan brings this action to enforce his copyright associated with two of his photographs, duplicated and used without his permission by Defendant Blackbird which photos were then digitally manipulated and one photo was repeatedly displayed by Defendant in print advertising for Defendant in the Angler Magazine, and the second photo was and is being displayed by Defendant in a banner ad on the Southern Kingfish Association webpage continuously for months and as of today.

5. Travis Duncan also brings this action for Defendant Blackbird's breach of contract and refusal to pay for Duncan's time, efforts, work, and copyright licenses for photography and for several photographs of which two of Duncan's photographs have been displayed, copied, and used by Defendant in advertising as set forth in the preceding paragraph.

6. The court has general personal jurisdiction over Defendant because Defendant Blackbird, is a limited liability corporation, incorporated in the State of Missouri, headquartered and with its principal place of business located in Platte County, State of Missouri, and with its registered agent having its registered office in Greene County, State of Missouri.

7. Venue of this lawsuit is proper in the United States District Court for the Western District of Missouri under Federal Rule of Civil Procedure 14, because Defendant Blackbird, is a limited liability corporation, incorporated in the State of Missouri, headquartered and with its principal place of business located in the Platte County, State of Missouri, and with its registered agent having its registered office in Greene County, State of Missouri. Defendant is subject to their District Court's general personal jurisdiction in this District, the lawsuit has the most significant contacts with this judicial district, and Defendant Blackbird's registered agent and

office and headquarters is within this judicial district pursuant to 28 U.S.C. §1391(b)-(c) and pursuant to 28 U.S.C. §1400(a).

8. This Court has subject matter jurisdiction over the Copyright and Digital Millennium Copyright Act claims in this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §§1338(a)-(b), 1367(a), because the claims arise under the United States Copyright Act, 17 U.S.C. §101, et seq., and arise under the United States Digital Millennium Copyright Act, 17 U.S.C. §1201, et seq.

9. Plaintiff Travis Duncan's breach of contract and account and account stated claims are closely and substantially related to his Copyright and Digital Millennium Copyright Act claims and this District Court has subject matter jurisdiction over these ancillary, pendant, and supplemental claims according to 28 U.S.C. §1367.

10. In early 2017, Defendant engaged Plaintiff Duncan for Duncan to provide photography services and photographs for Defendant to use in advertising.

11. During all his work on this matter, Duncan was an independent contractor and never an employee of Defendant.

12. At all times relevant, Duncan was located in Missouri during the work and communications on the matters of this lawsuit.

13. Duncan's primary contact with Defendant was with Mike Hannigan, who, on information and belief, resides in Missouri and is the Chief Executive Officer of Defendant Blackbird, and with Renee Hannifin who, on information and belief, also resides in Missouri.

14. On or about April 26, 2017, Duncan emailed to Defendant Invoice #2571, for the agreed retainer for work done on the assignment for Defendant, and Defendant owed and was billed $1,000.00. The work was competently done, Defendant had agreed to pay this retainer fee,

and the fee was reasonable. Defendant did not make any objection to this work, invoice, retainer, or bill but Defendant has not paid any portion of the $1,000.00 charge.

15. With Invoice #2571, Duncan emailed to Defendant his Standard Terms and Conditions. A true and accurate copy of Invoice #2571 is denoted Exhibit 1, is attached to this Complaint, and is incorporated by reference herein.

16. A true and accurate copy of Duncan's Standard Terms and Conditions is denoted Exhibit 5, is attached to this Complaint, and is incorporated by reference herein.

17. On or about June 13, 2017, Duncan emailed to Defendant Invoice #2587, for work done on the assignment for Defendant, and Defendant owed and was billed $3,090.00. The work was competently done, Defendant had agreed to pay this fee, and the fee was reasonable. Defendant did not make any objection to this work, invoice, or bill but Defendant has not paid any portion of the $3,090.00 charge.

18. With Invoice #2587, Duncan emailed to Defendant his Standard Terms and Conditions (Exhibit 5). A true and accurate copy of Invoice #2587 is denoted Exhibit 2, is attached to this Complaint, and is incorporated by reference herein.

19. On or about June 13, 2017, Duncan also emailed to Defendant Invoice #2586, for work done on the assignment for Defendant, and Defendant owed and was billed $3827.96. The work was competently done, Defendant had agreed to pay this fee, and the fee was reasonable. Defendant did not make any objection to this work, invoice, or bill but Defendant has not paid any portion of the $3,827.96 charge.

20. With Invoice #2586, Duncan emailed to Defendant his Standard Terms and Conditions (Exhibit 5). A true and accurate copy of Invoice #2586 is denoted Exhibit 3, is attached to this Complaint, and is incorporated by reference herein.

21. On or about June 30, 2017, Duncan emailed to Defendant Invoice #2014, for work done on the assignment for Defendant, and Defendant owed and was billed $2,490.00. The work was competently done, Defendant had agreed to pay this fee, and the fee was reasonable. Defendant did not make any objection to this work, invoice, or bill but Defendant has not paid any portion of the $2,490.00 charge.

22. With Invoice #2014, Duncan emailed to Defendant his Standard Terms and Conditions (Exhibit 5). A true and accurate copy of Invoice #2014 is denoted Exhibit 4, is attached to this Complaint, and is incorporated by reference herein.

23. Duncan electronically sent photographs to Defendant for Defendant's review.

24. The documents Exhibit 1-5 all state that no license is granted until the invoices are paid in full.

25. Because Defendant did not pay any part of the amounts due according to Exhibits 1-4, no license to copy or use the photographs was given or granted Defendant.

26. In addition, the Standard Terms and Conditions expressly states that with payment the only license granted for use and copying of the photos was for one year, only for print media, and not for electronic or internet display or use.

## COUNT 1
### (Copyright Infringement)

27. For the allegations of Paragraph 27, Plaintiff Travis Duncan restates and incorporates by reference the allegations of Paragraphs 1-26.

28. Travis Duncan earns his living and supports his family as an independent photographer.

29. Travis Duncan creates photographs which are then made available for license as part of his business.

5

30. In 2017, Travis Duncan took photographs of ice coolers and metal tumblers.

31. Without a license, Defendant has copied and used and continues to use two Duncan photographs without permission.

32. Travis Duncan retained the copyright in the two photographs Defendant used in advertisements in ANGLER Magazine and in the internet advertisement on the Southern Kingfish Association's webpage.

33. True and accurate copies of Defendant's infringing uses of the first Duncan photo (with the photo and advertisement circled) in the ANGLER Magazine advertisement is denoted Exhibit 6, attached to this Complaint, and incorporated by reference herein.

34. True and accurate copies of Defendant's infringing uses of the second Duncan photo (with the photo and advertisement circled) on the Southern Kingfish Association webpage is denoted Exhibit 7, attached to this Complaint, and incorporated by reference herein.

35. Travis Duncan registered his photographs with the United States Office of Copyright and a true and accurate copy of his copyright registration is denoted Exhibit #8 and is attached to this Complaint.

36. During 2017, Travis Duncan learned that Defendant had stolen two of his photographs. Defendant duplicated the photographs and digitally manipulated the photographs. Defendant chose to secretly duplicate and use Duncan's work rather than pay for a license.

37. The photograph that was duplicated, altered, and displayed by Defendant was registered by Travis Duncan for copyright with the Copyright Office of the United States.

38. Travis Duncan is the sole owner of the copyright of the photographs duplicated, altered, copied, and used by Defendant.

39. Travis Duncan's copyright in each of the two infringed photographs is valid and enforceable.

40. Defendant's infringements were willful.

41. Defendants did not have permission or a license to use these or any other of Travis Duncan's photographs.

42. Defendant's wrongful acts constitute a violation of 17 U.S.C. §501.

43. Plaintiff Travis Duncan is entitled to and elects to recover statutory damages from Defendant.

44. Plaintiff Travis Duncan has incurred and will continue to incur legal fees and costs in prosecuting this claim.

45. All conditions precedent to Plaintiff Travis Duncan bringing and prevailing on this claim have been satisfied.

**WHEREFORE**, Plaintiff Travis Duncan respectfully asks this District Court to enter judgment for him and against Defendants Blackbird Products Group, LLC, for statutory damages of $150,000.00 for each of the two photographs infringed, or such lesser amount as found proper by the District Court, for prejudgment interest, for reasonable attorney fees and costs incurred by Travis Duncan in prosecuting this action, and for any other relief deemed just.

### COUNT 2
**(First Digital Millennium Copyright Act Violation - Removal)**

46. For the allegations of Paragraph 46, Plaintiff Travis Duncan restates and incorporates by reference the allegations of Paragraphs 1-45.

47. Plaintiff Travis Duncan's places notices that he is the photographer and copyright holder in the metadata attached to each photograph and this metadata constitutes copyright

7

management information and a security measure to deter and avoid copyright infringement and protect Travis Duncan's copyrighted photos from duplication, theft or unauthorized use.

48. Defendant copied and used Travis Duncan's two photographs and removed or changed the attached metadata that Travis Duncan was the photographer and this is a violation of the Digital Millennium Copyright Act. *See* 17 U.S.C. §1201 & §1203.

49. Defendants' wrongful acts and violations of the Digital Millennium Copyright Act were willful.

50. Travis Duncan is entitled to and elects to seek and collect statutory damages for Defendant's Digital Millennium Copyright Act violations.

51. All conditions precedent to Travis Duncan bringing and prevailing on this claim have been satisfied.

**WHEREFORE**, Plaintiff Travis Duncan respectfully asks this District Court to enter judgment for him and against Defendant Blackbird Products Group, LLC, for statutory damages of $25,000.00 for each of the two photograph stolen and used by Defendant (a total of $50,000.00 sought), or such lesser amount as found proper by the District Court, for prejudgment interest, for reasonable attorney fees and costs incurred by Travis Duncan in prosecuting this action, and for any other relief deemed just.

### COUNT 3
**(Second Digital Millennium Copyright Act Violation - Distribution)**

52. For the allegations of Paragraph 52, Plaintiff Travis Duncan restates and incorporates by reference the allegations of Paragraphs 1-51.

53. Plaintiff Travis Duncan's places notices that he is the photographer and copyright holder in the metadata attached to each photograph and this metadata constitutes copyright

management information and a security measure to deter and avoid copyright infringement and protect Travis Duncan's copyrighted photos from duplication, theft or unauthorized use.

54. Defendant copied and used Travis Duncan's two photographs and removed or changed the attached metadata that Travis Duncan was the photographer and this is a violation of the Digital Millennium Copyright Act. *See* 17 U.S.C. §1201 & §1203.

55. Defendant's duplicating the two photographs without the metadata notices that Travis Duncan was the photographer and copyright holder, and then displaying and distributing the photographs to the Southern Kingfish Association and to ANGLER Magazine, displaying the one photo on the Southern Kingfish Association's webpages on the internet, and displaying the other photo in ANGLER Magazine are each violations of the Digital Millennium Copyright Act. *See* 17 U.S.C. §1201, §1202 & §1203.

56. Defendants' wrongful acts and violations of the Digital Millennium Copyright Act were willful.

57. All conditions precedent to Travis Duncan bringing and prevailing on this claim have been satisfied.

**WHEREFORE**, Plaintiff Travis Duncan respectfully asks this District Court to enter judgment for him and against Defendant Blackbird Products Group, LLC, for statutory damages of $25,000.00 for distributing each of the two photograph stolen and used by Defendant (a total of $50,000.00 sought), or such lesser amount as found proper by the District Court, for prejudgment interest, for reasonable attorney fees and costs incurred by Travis Duncan in prosecuting this action, and for any other relief deemed just.

9

## COUNT 4
### (BREACH OF CONTRACT)

58. For the allegations of Paragraph 58, Plaintiff Travis Duncan restates and incorporates by reference the allegations of Paragraphs 1-57.

59. Duncan properly and completely did all work requested of him by Defendant.

60. Duncan fully satisfied all of its promises and obligations due to Defendant.

61. The contract between Duncan and Defendant is set forth on Exhibits 1-5.

62. The Invoices (Exhibits 1-4) represented a statement of amounts due to Duncan from Defendant under their agreement and Duncan's work in the principal amount of $10,407.96.

63. To date, Defendant has failed to make any payment on the Invoices (Exhibit 1-4), leaving a principal balance due in the amount of $10,407.96.

64. Pursuant to ¶10 of the Terms & Conditions (Exhibit 5) prejudgment interest runs on the principal amount due at the Missouri statutory rate of 9% per annum.

65. Defendant has materially and deliberately breached its promises set forth in Exhibit 1-5 in the following and other regards:

    A. Defendant has failed to pay any amount due to Duncan, and has failed to pay any portion of the amounts due as set forth in Exhibits 1-4;

    B. Defendant has, without paying the invoices (Exhibits 1-4) and without any license has copied, published, and made use of two of Duncan's photographs;

    C. Defendant has published, copied, and made use of two of Duncan's photos electronically and on the internet which violates §2 of the Terms & Conditions (Exhibit 5); and,

D. Defendant has published, copied, and made use of two of Duncan's photos without including any photo credit for Duncan which violates §5 of the Terms & Conditions.

66. Defendant's breaches of contract have directly, proximately, and foreseeably injured Duncan in the following and other ways:

A. Duncan has lost and been deprived of $10,407.96 plus prejudgment interest;

B. Duncan has had to and will continue to incur legal and attorney fees in prosecuting this action;

C. Duncan's photos have been stolen, copied, published, and made use of without permission; and,

D. Duncan's photos have been published without any photo credit to Duncan.

67. All conditions precedent to Duncan bringing and prevailing on this claim have been satisfied.

WHEREFORE, Travis Duncan respectfully requests this Court to enter judgment In favor of Duncan, and against Defendant Blackbird Products Group, LLC, in the principal amount of $10,407.96, plus prejudgment interest, attorneys' fees and court costs, and for such other and further relief as this court deems just and proper.

## Count 5
**(Account Stated)**

68. Duncan restates and incorporates by reference the allegations contained in paragraphs 1 through 67 as if fully set forth herein.

69. Defendant asked and requested Duncan to do the work and take the actions related to the charges stated on the four Invoices.

70. The charges and amounts shown on the four Invoices reflect work done, are reasonable, were previously agreed to by Defendant, and were never objected to by Defendant.

71. All conditions precedent to Duncan bringing and prevailing on this claim have been satisfied.

WHEREFORE, Travis Duncan respectfully requests this Court to enter judgment in favor of Duncan, and against Defendant Blackbird Products Group, LLC, in the principal amount of $10,407.96, plus prejudgment interest, attorney's fees and court costs, and for such other and further relief as this court deems just and proper.

## Count 6
### (Quantum Meruit/Unjust Enrichment)

72. Duncan restates and incorporates by reference the allegations contained in paragraphs 1 through 71 as if fully set forth herein.

73. Defendant asked and requested Duncan to do the work and take the actions related to the charges stated on the four Invoices.

75. The charges and amounts shown on the four Invoices reflect work done, are reasonable and were previously agreed to by Defendant.

76. Duncan conferred benefit on Defendant by providing the equipment and the work called for and reflected on the four Invoices

77. Defendant appreciated the fact of such benefit and has accepted such benefit.

78. The charges shown on the four Invoices reflect work done by Duncan, and such charges are reasonable and were previously agreed to by Defendant.

79. Defendant never objected to the four Invoices or the charges shown on them.

12

80. All conditions precedent to Duncan bringing and prevailing on this claim have been satisfied.

WHEREFORE, Travis Duncan respectfully requests this Court to enter judgment in favor of Duncan, and against Defendant Blackbird Products Group, LLC, in the principal amount of $10,407.96, plus prejudgment interest, attorney's fees and court costs, and for such other and further relief as this court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Travis Duncan demands a trial by jury of all issues that may be so tried.

Respectfully submitted,

SCHULTZ & ASSOCIATES LLP

By: /s/ Robert Schultz
Robert Schultz, #35329MO
Ronald J. Eisenberg, #48674MO
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax: 636-537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff*