# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS DUNCAN, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-03404-CV-S-BP |
| ) | |
| BLACKBIRD PRODUCTS GROUP, LLC, ) | |
| Defendant. ) | |

## JOINT PROPOSED SCHEDULING REPORT

Plaintiff Travis Duncan and Defendant Blackbird Products Group, LLC, submit this Joint Proposed Scheduling Report. Except as specifically set forth in this Joint Proposed Scheduling Order, the deadlines and standards set forth in the previous scheduling order remain in full effect.

1. The parties consent and agree to a trial date of February 22, 2020, situated in the Federal Courthouse in Springfield, Missouri.

2. Plaintiff asserts that the trial will last a total of 5 days or less.

3. **Defendant asserts that the trial will be at least 10 days for the reasons stated as follows:**

   As discussed with the special master, a realistic time frame for the trial is not 5 days based on the witnesses, experts, and exhibits involved with Mr. Duncan's amendment to the Complaint.

   With a 5 day trial, that usually works out to be about a day and half for each side with the first day picking a jury and opening statements, and the last day jury instructions and closing statements.

   At a minimum, the parties are actually going to have at least 10 to15 witnesses and 4 to 5 experts. Defendants are planning on having a marketing, photography, computer forensics, and financial expert. With Plaintiff amending last summer from two photographs to more

than 35-40 photographs over the course of essentially 4 "jobs" instead of 1 job and the associated problems with the "Terms and Conditions" sheet, it has changed the dimensions and scope of the trial. There is no one, unified contract that the parties can look to determine the parties' duties, responsibilities, and permissions. The statements, orders, and invoices in this case do not describe the work to be performed, when it was due, permissions, ownership, intended use of the photographs and images - among other important terms and conditions. Further, the statements, orders, and invoices were all sent after the work was performed and delivered. Instead, there is over 370 pages of e-mails and text messages over the course of nine months representing over 250 communications between the parties including some that have critical meta data regarding the photographs, and when the "Terms and Conditions" were actually sent to Blackbird. Blackbird maintains that they never received the Terms and Conditions until September 6, 2017 - well after any work or delivery of the work was performed. The Terms and Conditions are important because Duncan is attempting to claim that there were up to 30 or more copyright violations for photographs that Blackbird had actually paid for and used in a manner that Duncan was aware of that conflicts with those Terms and Conditions. Also, Duncan is attempting to get attorney fees and costs for the photographs through the Terms and Conditions that he would not otherwise be able to receive because he actually registered the photographs too late to get any statutory fines and attorney fees and the registration itself was invalid.

There will also be extended testimony about the photographs themselves. There are approximately 700 photographs involved in this case and only 539 photographs were registered. A number of these photographs appear to be almost exactly the same. An example of that problem is Duncan's answer to Interrogatory 2 to Defendant's Second Interrogatories. In Duncan's response he was not able to give a definitive answer as to which "iceberg" photo he used for his own advertisement stating that it was either "resized photo Icebergs.jpg or IceBergs.01.jpg. Further, to date, Plaintiff has not yet identified the actual photographs that he included in his Complaint which appear to be 35-45, but many of them appear to be the same photographs and Blackbird is uncertain if they were actually registered; Plaintiff has not disclosed the publication date in his discovery responses that he put for each photograph in his application for the copyright; and Plaintiff has not been able to identify any evidence that Blackbird altered or destroyed the metadata in the photographs which "declared Duncan the photographer and copyright owner." A full examination of the photographs at trial will require time to compare and contrast the photographs once they have actually been identified.

There will also be testimony regarding Duncan's financials for the work for hire defense, his actual experience, the reasonableness of his prices and terms and conditions, and whether or not Duncan registered the photographs correctly, fraudulently, or in time. Further, without providing an exhaustive list of all claims and defenses, there will also be testimony regarding the parties' agreement as to whether the work was to be retainer work for a set price, the expenses that Duncan charged Blackbird, the quality of the work, whether the work was actually completed, whether or not Duncan acted in good faith, whether or not Duncan accepted Blackbird's products as payment or converted their products.

Further, Blackbird's claims against Duncan for fraud, negligence, breach of contract,

unjust enrichment, and other claims for damages and lost profits will require time to put on its witnesses and exhibits.

Based on the testimony needed and exhibits required, a more realistic trial time would be two weeks. The parties at this point struggle to discuss more than a couple of discovery responses at each discovery conference.

4. The parties agree to a fact discovery cutoff of October 1, 2020.

5. The parties agree to an expert disclosure deadline of October 15, 2020.

6. The parties agree to a deadline of November 1, 2020 to name rebuttal experts.

7. The parties agree to a dispositive motion cutoff date of November 15, 2020 including Defendant's response to Plaintiff's pending motion for partial summary judgment.

RESPECTFULLY SUBMITTED

SANDBERG PHOENIX & von GONTARD P.C.

/s/ Michael Rudd
Ronald D. Marney II #47141
Michael Rudd #71591
4600 Madison Ave. Suite 1000
Kansas City, Missouri 64112
Tel: 816-627-5332
Fax: 816-627-5532
rmarney@sandbergphoenix.com
mrudd@sandbergphoenix.com

Robert Schultz #35329
640 Cepi Drive
Chesterfield, Mo. 63005
636-537-4645 tel.
636-537-2599 telefax
rschultz@sl-lawyers.com
*Attorneys for Plaintiff Travis Duncan*

RESPECTFULLY SUBMITTED

LAWSON LAW OFFICE, LLC

/s/ Christopher P. Lawson
Christopher P. Lawson #KS-000955
6750 Antioch Road, Suite 301
Overland Park, Kansas 66210
913-432-9922 tel.
913-432-9933 telefax
chris.lawson@lawsonlawllc.com
*Attorney for Defendant Blackbird Products Group, LLC*

## CERTIFICATE OF SERVICE

  I certify that a true and correct copy of this document was e-filed on July 27, 2020, with the United States District Court for the Western District of Missouri, Western Division by using the CM/ECF system, to be served on counsel of record through the Court's filing system.

_____