IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| *TRAVIS DUNCAN* <br><br> Plaintiff, <br><br> v. <br><br> *BLACKBIRD PRODUCTS GROUP, LLC* <br><br> Defendant. | Cause No. 6:17-cv-03404-BP |

**PLAINTIFF TRAVIS DUNCAN'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL AND REQUEST FOR SANCTIONS**

COMES NOW, Plaintiff and Counterclaim Defendant Travis Duncan ("Duncan"), by and through his undersigned counsel, and hereby respectfully submits his Opposition to Defendant's Motion to Compel and Request for Sanctions (Doc. 280.). In support thereof, Duncan states as follows:

**Introduction**

1. This case has been ongoing since December 2017.

2. Defendant has submitted numerous burdensome, complex, and unconventional discovery requests that Plaintiff has worked diligently to comply with.

3. The numerous discovery requests created discovery issues.

4. The discovery issues required the appointment of a Special Master to assist the parties in discovery.

5. One avenue of unconventional discovery Defendant pursued was an *Ameriwood* imaging, which allowed Defendant to take forensic images of Plaintiff's computers. *See*

14184419

*generally*, *Ameriwood Industries, Inc. v. Liberman*, 2006 WL 3825291 (E.D. Mo 2006) (defining protocols for a forensic computer imaging); *see also*, *In re Ford Motor Co.,* 345 F.3d 1315, 1316-17 (11th Cir. 2003) (limiting the scope of the *Ameriwood* imaging).

6. Plaintiff's computers were first imaged on April 16, 2020.

7. Defendant then claimed the images were not sufficient and a subsequent "*Ameriwood* inspection" was conducted on September 21, 2020. This *Ameriwood* inspection was an all day event where Defendant's forensic computer analyst navigated through Plaintiff's computers in the presence of counsel, Plaintiff, and the Special Master.

**Defendant's Motion to Compel**

8. Defendant has failed to comply with this Court's Order requiring full compliance with Local Rule 37.1 (Doc. 189.) in that Defendant failed to attempt to meet and confer with counsel over Plaintiff's claims of privilege prior to filing this Motion.

9. Defendant's Motion to Compel deals solely with documents that were obtained through the *Ameriwood* imaging and inspection.

10. Plaintiff claimed privilege as to three documents and provided an appropriate privilege log.

TRAVIS DUNCAN V. BLACKBIRD PRODUCTS GROUP, LLC
PRIVILEGE LOG

| DATE | DESCRIPTION | PRIVILEGE |
|---|---|---|
| N/A | File Directory-Lines:<br><br>1-1875<br>7985-8425<br>8690-9077<br>9093-9147<br>9192-9193<br>13794-14639<br>15245<br>15498-15500<br>15548-15637<br>15785-15821<br>16098-17429<br>17494-17552<br>17785-17796 | Documents created by Travis Duncan and delivered to counsel for the purpose of obtaining legal advise. |
| 7/19/18 | Date and Time Stamp Information for "Terms and Conditions" files recovered from the iMac | Documents created by Travis Duncan and delivered to counsel for the purpose of obtaining legal advise. |
| 3/27/20 | Email from Travis Duncan to Rob Schultz and Michael Rudd re client | Email to counsel for the purpose of obtaining legal advise. |

11. The first two entries on Plaintiff's privilege log are those of which Defendant complains are spreadsheets containing information Defendant's expert generated from Plaintiff's computers pursuant to the *Ameriwood* imaging and inspection. The first entry is a file directory generated from the *Ameriwood* inspection of Plaintiff's external hard drive. The parties and the Special Master discussed the file directory, the redactions needed, the reasons for the redactions, and the most efficient way to complete the redactions given Defendant's failure to timely pursue its requested *Ameriwood* imaging. The second entry is a report generated from the *Ameriwood* imaging that shows hits from the search term "terms and conditions." With both of these entries, limited redactions were made to protect Plaintiff's attorney client privilege in creating and transmitting documents to counsel for the purpose of seeking legal advice. The final entry is an email retrieved with Defendant's overbroad search terms which is clearly identified as an email to counsel.

12. In regard to the redactions of the file directory, Defendant consented to those redactions by not objecting during the discussions with the Special Master.

13. The privilege log mainly identifies redactions made to metadata logs created by Defendant's forensic computer analyst. The only document being withheld is an email from Plaintiff to his counsel regarding this case.

14. For these reasons, Defendant's Motion to Compel should be denied.

## **Defendant's Request for Sanctions**

15. Defendant also commingles its Motion to Compel with a Request for Sanctions.

16. Defendant complains of four assertions of privilege at Plaintiff's first deposition and instructions by counsel to not answer the questions. (Doc. 281 ¶ 20.) This deposition occurred on September 25, 2019. Since the deposition, the parties have been before the Special Master more than 15 times. Rather than raise these objections to the Special Master, Defendant waited until literally the day before the second deposition of Plaintiff to complain.

17. Regardless of the whether these objections were appropriate, Defendant has already been granted relief by being allowed to take second depositions of Plaintiff and his wife Amber Duncan.

18. Those depositions have already been completed.

19. Therefore, Defendant was previously granted relief and its Request for Sanctions is frivolous.

20. Defendant also attempts to shoehorn in sanctions for the voluminous amount of discovery issues in this case, most of which were caused by Defendant's burdensome, complex, and unconventional discovery methods. (Doc. 280.) However, Defendant fails to substantively

argue these points in its suggestions. (Doc. 281.). Thus, Plaintiff is not able to adequately oppose those claims and Defendant's extraneous arguments for sanctions should be denied.

WHEREFORE, Duncan prays this Court deny Defendant's Motion to Compel and Request for Sanctions, and for such other and further relief as this Court may deem just and equitable.

SANDBERG PHOENIX & von GONTARD P.C.


By: */s/ Michael Rudd*
Philip R. Dupont #35454
Michael Rudd #71591
4600 Madison Ave. Suite 1000
Kansas City, Missouri 64112
816-816-627-5332
Fax: 816-627-5532
pdupont@sandbergphoenix.com
mrudd@sandbergphoenix.com

Robert Schultz, #35329
640 Cepi Drive, Ste. A
Chesterfield, MO 63005
Phone: 636-537-4645
Fax: 636-537-2599
rschultz@sl-lawyers.com
*Attorneys for Plaintiff Travis Duncan*


**Certificate of Service**

I hereby certify that on the 26th day of October 2020 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.


*/s/ Michael Rudd*